YELVERTON, Judge.
This appeal involves the application of the Louisiana Assignment of Accounts Receivable Act, La.R.S. 9:3101-3112, as it applied before Chapter 9 of the Louisiana Commercial Laws became effective on January 1, 1990. Coastal Credit Company (Coastal Credit), the assignee of accounts receivable of Dautreuil Brothers Construction, sued American Waste and Pollution Control Company (Waste Management), to collect the unpaid balance of Waste Management’s open account. The trial court awarded Coastal Credit $20,626.32. Waste Management appeals. We affirm.
Oscar J. Dautreuil was engaged in the construction business under various trade names, including Red Dautreuil Railroad Contractors and Dautreuil Brothers Construction. In the summer of 1987, Oscar borrowed operating capital from Coastal Credit. Part of the security for the loan was an assignment of his accounts receivable. On June 26, 1987, Oscar J. Dautreuil and his wife, Gladys Clement Dautreuil, individually and d/b/a Red Dautreuil Railroad Contractors, executed a general assignment of present and future accounts receivable to Coastal Credit. The act of assignment was recorded in the records of both Iberia Parish and St. Martin Parish on June 29, 1987.
At the time, Dautreuil Brothers was engaged in a project to remove material from railroad tracks between Breaux Bridge and St. Martinville. Oscar planned to sell this ballast material (sand and gravel), and provided its lender, Coastal Credit, with a list of customers that included Waste Management. On September 4, 1987, Dautreuil Brothers sold 1,803 cubic yards of the railroad ballast to Waste Management for $20,626.32. On October 19, 1987, Coastal Credit delivered Waste Management notice that this account receivable had been assigned to Coastal Credit. This notice consisted of a letter, the assignment agreement, and a copy of the invoice. The letter introduced into evidence contained a signed receipt and stated that “an assignment of accounts receivable has been made by Dau-treuil Brothers Construction to Coastal Credit Company, Inc.” It also stated that all payments should be sent directly to Coastal Credit. The attached assignment was less explicit, failing to mention Dau-treuil Brothers Construction, but was signed by Mr. and Mrs. Dautreuil, in their individual capacities, and “d/b/a Red Dau-treuil Railroad Contractors”. The letter specifically stated that Coastal Credit had been assigned the accounts receivable of Dautreuil Brothers Construction and that payment should be sent to Coastal Credit. Nevertheless, four days after the receipt of this notice, Waste Management’s bookkeeper made full payment of the invoice to Oscar Dautreuil personally. Oscar told the bookkeeper that the account had been assigned to Coastal Credit and that he would deliver the check to Coastal Credit. He did not. Coastal Credit was never paid and filed this suit against Waste Management to collect the debt from it. The judgment against Waste Management means that it will have to pay the invoice twice.
Waste Management contends that the trial court erred in finding that there was an assignment of the debt from Dautreuil Brothers to Coastal Credit. Waste Management does not question the suffi *555 ciency of its notice or that it owed Dau-treuil Brothers. The basis of its contention is that Coastal Credit failed to prove that Dautreuil Brothers was a sole proprietorship.
The trial judge and both parties gave special attention at the trial to a determination of whether Dautreuil Brothers Construction was a sole proprietorship, a partnership, or a corporation. This determination was believed to have relevance to two other questions of fact: whether the assignment included Dautreuil Brothers Construction’s accounts receivable, and whether Oscar Dautreuil was authorized to make such an assignment.
The validity and effect of an assignment is controlled by La.R.S. 9:3102.
§ 3102. Validity and effect of an assignment
A. Between the parties every assignment shall operate as an assignment, sale, or pledge, or any combination thereof, depending upon the intent of the parties, at the time the parties enter into the first evidence of the assignment, regardless of the date of the filing of a notice of assignment.
B. Third parties are not affected by an assignment of accounts receivable until the filing of the notice of assignment in the manner prescribed by this Part. Once the notice of assignment is filed, the assignment shall be valid as to third parties and, as to them, shall constitute a completed assignment, sale, or pledge, or any combination thereof, of the accounts receivable covered, notwithstanding the fact that any debtors of the account are not notified of or do not consent to the assignment.
The trial court determined that Dau-treuil Brothers Construction was a sole proprietorship, that the assignment document as a whole evidenced an intent to assign the accounts of Dautreuil Brothers Construction, and that Oscar was the owner of the account and had the authority to assign it. The facts and circumstances of this case clearly support these conclusions. Waste Management paid Coastal Credit for subsequent invoices. Dautreuil told Waste Management that the account had been assigned when they tendered payment to him. The letter sent to Waste Management clearly stated that the account had been assigned to Coastal Credit. Waste Management and Coastal Credit never questioned whether the assignment included the account in question. Oscar personally delivered the invoice in question to Coastal Credit. V.J. Gaspard, Coastal Credit’s owner, understood that the assignment included all sales of the railroad material. Gaspard testified that Dautreuil understood that the project was included in the assignment. Burt Cestia, the attorney who drew up the assignment, understood that the agreement covered the railroad project. Unaware of the other names used by Oscar, he simply used the d/b/a provided. James Dennis Dugas, former secretary/treasurer of Coastal Credit, testified that Coastal Credit financed the purchase and sale of the track material. Dugas knew that Oscar Dautreuil operated under various names but testified that they were all part of the same organization and that Coastal Credit was assigned the account no matter what name Oscar used on the invoice he issued.
It was established that Waste Management was given written notice of the assignment, and that a copy of the invoice involved in this case was included with the notice. This triggered the application of La.R.S. 9:3108, which provides:
§ 3108. Rights and liabilities of parties
A. Except as provided in Subsections B and C, an account debtor who has received written notice of the assignment will not be discharged from his debt if he pays anyone other than the assignee.
B. The rights of an assignee against the account debtor shall be subject to any dealing by the debtor with the assignor, any other assignee, or other successor in interest of the assignor until the account debtor receives written notice from or on behalf of the assignee or the assignor of the assignment of the particular account of which he is debtor. In any case in which an account debtor is not notified of the assignment of the *556 account made in compliance with the provisions of this Part and, in good faith, makes payment of the account in whole or in part to the assignor, or to a subsequent assignee, purchaser, or transferee of the account who shall have notified the debtor of the assignment, purchase, or transfer, then to the extent of payment, the debtor shall be exonerated of liability to make payment to the first assignee; however, the person to whom payment was made shall be accountable and liable to the assignee for the sums received.
C. The account debtor may, at his option, commence concursus proceedings instead of making payment to the debtor or subsequent assignee as provided in Subsection B.
Waste Management is not protected by Subsection (B) since it received written notice of the assignment before tendering payment to Oscar Dautreuil. Ronald J. Adams, Waste Management’s general manager, acknowledged receiving a letter and a copy of the assignment. Adams could not recall the names of the two men who delivered the assignment package. Yernell J. Gaspard, owner of Coastal Credit, testified that he and another individual delivered the assignment package to Adams at his office. They apparently interrupted a meeting that Adams was having with someone. Gas-pard testified that he explained the assignment as well as how and where payment should be made. Adams testified that two men brought him the package — he could not remember specifically whether or not the invoice was attached — and that he read the letter and understood that payment should be made to Coastal Credit. Both Gaspard and Dugas, who prepared the package that Gaspard delivered, testified that the invoice was attached. The trial court determined that the invoice was included and such determination was not manifestly erroneous. Adams said that he simply put the package in the accounts payable basket in his bookkeeper’s office. He never discussed the assignment with his bookkeeper nor did he give her any special instructions.
Coastal Credit complied with La.R.S. 9:3108 and was entitled to payment. If Waste Management questioned to whom the debt was owed, it could have brought a concursus proceeding as provided for by Subsection (C) of 9:3108. Having paid the wrong party after receiving written notice of the assignment, it is not relieved of its obligation to pay Coastal Credit. The judgment is affirmed. Appellant will pay costs.
AFFIRMED.